IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH DIMITRI JOHNSON,  *

   Plaintiff,  *

      v.  *  Civil Action No. DKC-24-3341

DR. MIR MAMATH ALI,
                                         *

   Defendant.
                                         ***

## MEMORANDUM OPINION

Self-represented Plaintiff Keith Dimitri Johnson, a federal inmate, filed the above-captioned civil rights action against Mir Namath Ali, D.O.[1] ECF No. 6. Dr. Ali filed a motion to dismiss the amended complaint. ECF No. 15. Mr. Johnson opposes the motion. ECF No. 18. Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, Dr. Ali's motion will be granted.

## BACKGROUND

Mr. Johnson states that on April 12, 2024, he was escorted by Bureau of Prisons ("BOP") Officer J. Redman to Precision Orthopedics in Cumberland, Maryland for an appointment with Dr. Ali. ECF No. 6 at 4. He claims that while Dr. Ali completed a physical exam, Officer Redman was recording the exam without Mr. Johnson's consent and Dr. Ali allowed Redman to do so. *Id.* Mr. Johnson alleges that Dr. Ali "aided + abetting with FBOP to close out a sexual harassment

---

[1] The Clerk will be directed to amend the docket to reflect Dr. Ali's correct name. The initial complaint included three other defendants. (ECF No. 1). After the court directed the filing of an amended complaint, (ECF No. 5), Mr. Johnson filed the operative amended complaint which removed the claims against the other three defendants. The clerk terminated two of the defendants at that time and will be directed to terminate Precision Orthopedics + Sports Medicine as well.

claim that [he] filed against FBOP and outside provider" for the inappropriate actions at this appointment.  *Id.* at 5.  Mr. Johnson claims that this incident violated HIPAA and his constitutional rights.[2]

## STANDARD OF REVIEW

In reviewing the amended complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Fed. R. Civ. P. 8(a)).

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.*  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id.* at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] The court previously instructed Mr. Johnson that he could not proceed under HIPAA because there is no private right of action under that statute.  ECF No. 7 at 2.  The court will only address whether he has stated a claim for violation of his constitutional rights.

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Dr. Ali has moved to dismiss the amended complaint because Mr. Johnson's amended complaint fails to state a claim for relief. ECF No. 15-1. He asserts that the facts alleged about the medical appointment on April 12, 2024, do not establish that Dr. Ali had any authority over Officer Redman, that Redman's presence during the exam violated Mr. Johnson's rights, or that Dr. Ali was aware that the alleged recording was being made. *Id.* at 3-4. Dr. Ali argues that Mr. Johnson does not allege any denial of medical care and does not have an expectation of privacy. *Id.* at 4. Furthermore, Dr. Ali notes that the court previously stated that Mr. Johnson's vague aiding and abetting allegation is insufficient to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 4-5 (citing ECF No. 5 at 2). Mr. Johnson's opposition reiterates the sentiment in his amended complaint that he was treated worse than someone who is not incarcerated. ECF No. 18 at 1-2.

The only asserted basis for federal question jurisdiction in the amended complaint is HIPAA, the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d-6. Mr. Johnson was advised earlier that there is no private right of action under that statute. Moreover, the allegations in the amended complaint do not support any cause of action for violation of his constitutional rights. Mr. Johnson is a federal detainee and any claim for damages arising from a constitutional violation would proceed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and not 42 U.S.C. § 1983. *Bivens* actions are,

3

however, significantly circumscribed. *See Egbert v. Boule*, 596 U.S. 482 (2022). Such actions only apply to government actions and may be limited to those in direct employment of the federal government:

> Neither we nor the Supreme Court has had occasion to consider whether and to what extent *Bivens* liability may apply to private citizens. As a threshold matter, we harbor some doubt as to whether such liability would ever be appropriate. Each of the defendants in *Bivens*, *Davis*, and *Carlson* were in the direct employ of the federal government.

*Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006).

In any event, the amended complaint fails to state a claim under the Equal Protection Clause. That clause generally requires the government to treat similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To show that his or her equal protection rights were violated, a plaintiff must demonstrate that he or she was treated differently than similarly situated inmates and the discrimination was intentional or purposeful. *See Williams v. Bitner*, 307 F. App'x 609, 611 (3d Cir. 2009) (citing *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985)). If the discrimination was based on a plaintiff's membership in a suspect class, the differential treatment must be narrowly tailored to a compelling interest; otherwise, the plaintiff must show that the discrimination did not bear a rational relationship to a legitimate government purpose. *See Cleburne Living Ctr.*, 473 U.S. at 440–42. Mr. Johnson does not allege that he was treated differently than similarly situated *inmates*, but rather differently than individuals who are not incarcerated. Because Mr. Johnson is incarcerated, he is not similarly situated to someone who is not. As Dr. Ali notes, Mr. Johnson does not have the same expectations of privacy. "[T]he Fourth Circuit has concluded that prisoners have 'a reduced expectation of privacy in prison and … no reasonable expectation of privacy in his [medical] diagnosis and treatment.'" *Knight v. Watts*, No. CV ELH-21-56, 2022 WL 80637, at *17 (D. Md. Jan. 6, 2022) (citing *Payne v. Taslimi*,

998 F.3d 648, 659 (4th Cir. 2021)).  As such, Officer Redman's presence at Mr. Johnson's offsite doctor's appointment serves the legitimate government purpose of securing its inmates.  Moreover, Mr. Johnson does not plead any facts which would suggest that Dr. Ali had any authority to remove Officer Redman from the examination room.

As no equal protection claim exists, the court finds that Mr. Johnson's amended complaint is otherwise devoid of allegations amounting to a constitutional violation.  As the court previously noted, Mr. Johnson's conclusory and unsubstantiated claim of aiding and abetting cannot support a viable claim for relief.  Additionally, nothing supports a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment where, as here, there is no allegation that treatment for a serious medical need was withheld or delayed.  Without a federal claim for relief, Mr. Johnson's amended complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Dr. Ali's motion to dismiss is granted and the amended complaint is dismissed.  A separate order follows.

October 9, 2025                                        /s/
                                                         DEBORAH K. CHASANOW
                                                         United States District Judge